CV  13  2798  FEUERSTEIN, J

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 09 2013 ★

LONG ISLAND OFFICE   WALL, M.J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MARTIN MARDENFELD,

        Plaintiff,

   v.

GE AVIATION SYSTEMS, LLC.  and DOES
1 through 10, inclusive,

      Defendants.

------------------------------------------------------------X

**COMPLAINT
FOR DAMAGES**

___13___ cv_____

Plaintiff, complaining of the Defendants, by his attorney, Law Office of Jeffrey S. Schwartz, P.C., alleges:

## PARTIES

1.       Plaintiff, MARTIN MARDENFELD, is and at all times hereinafter mentioned was a citizen, and taxpayer of the State of New York, County of Suffolk.

2.       Defendant, GE AVIATION SYSTEMS, LLC, (hereinafter "GE") is and was at all times hereinafter mentioned a foreign limited liability company duly licensed to conduct business in the State of New York and was in the business of aviation systems.

3.       Defendants, DOES 1 through 10, are responsible in some manner for those damages alleged herein.  The true names and capacities of said Defendants are presently unknown to Plaintiff and he therefore, sues such Defendants by such

1

fictitious names.  Plaintiff will seek leave to amend this Complaint to add the true names and capacities of said Defendants once they have been ascertained.

## JURISDICTION

4.       This case arises out of the Age Discrimination in Employment Act as set forth under Chapter 14 of Title 29 of the United States Code; Wrongful Termination and Breach of Contract.

5.       This case is subject to 28 U.S.C. §1331.

## VENUE

6.       Venue is proper in this district as the Plaintiff resides and the Defendants conduct business in this district.

## FIRST CAUSE OF ACTION
### (Age Discrimination)

7.       That the Plaintiff, MARTIN MARDENFELD, was born on May 17, 1942 and is presently 70 years of age.

8.       That this action is brought against Defendants on the basis of an unlawful discriminatory practice relating to employment of Plaintiff in connection with Plaintiff's age.

9.       Plaintiff was employed by Defendants on or about January 2008 and was continuously employed by Defendants from that date until December 2, 2011.

10.      The Plaintiff was employed as a Section Head of Hardware/Software Design

2

throughout the aforesaid time period by Defendants.

11.    That on or about December 2, 2011, the Plaintiff was informed by Defendants that his services were no longer required due to an alleged non-completion of a task as part of a new "Personal Improvement Program" (hereinafter "PIP").

12.    That Plaintiff requested proof and documentation of such allegations and Defendants have not provided any evidence regarding the "PIP".

13.    That Plaintiff was dismissed by Defendants due solely to his age and without any other justifiable cause contributing thereto.

14.    That the Plaintiff, with approximately four years of continuous service with Defendant, GE's was a senior employee in the design department.  The Plaintiff had worked at GE predecessor company since May of 1995.   GE purchased the predecessor company on or about late 2007.

15.    That during the entire period of his employment with the Defendant, GE Plaintiff performed his work in a satisfactory manner.  During his tenure, with the predecessor company the Plaintiff was always a stellar employee and was consistently recognized for his good and excellent work, until he turned sixty-six years of age and the Defendant, GE started signing his paychecks.

16.    That Plaintiff was unable to secure new employment after his dismissal by the Defendants.

17.     That the foregoing acts of Defendants constituted unlawful discrimination in violation of the Age Discrimination in Employment Act.

18.     Plaintiff has filed a Claim of Discrimination with the USEEOC and has received a Right to Sue letter dated February 11, 2013 attached hereto as **Exhibit A.**

19.     That the actions of the Defendants was with malice and without reason or basis and was so arbitrary, capricious and unfounded that Plaintiff was thereby denied due process of law.

20.     That by reason of the aforesaid dismissal of the Plaintiff by Defendants, Plaintiff sustained damages including but not limited to loss of income and benefits and was caused mental anguish all to his damage in an amount to be proven at trial.

**WHEREFORE**, Plaintiff requests relief as hereinafter provided:

<u>**SECOND CAUSE OF ACTION**</u>
**(Breach of Contract)**

21.     Plaintiff realleges paragraphs 1 through 19 of the above allegations and incorporate the same by reference as if fully set forth herein.

22.     Plaintiff was employed by Defendants on or about January 2008 for the position of Section Head of Hardware/Software Design throughout his employment with the Defendants.  Plaintiff worked continuously until his dismissal in December of 2011.

23.     During the course of his employment with Defendants, Plaintiff performed

4

his various responsibilities in an exemplary fashion and capably performed each and every condition of the employment agreement.

24.     During the entire course of Plaintiff's employment with Defendants, there existed an express and implied in fact employment contract between Plaintiff and Defendants, which at the time of Plaintiff's employment included but was not limited to, the following terms and conditions:

a) Plaintiff would be able to continue his employment with Defendants indefinitely so long as he carried out his duties and responsibilities in a proper and complete manner;

b) Plaintiff would not be demoted, discharged or otherwise disciplined, nor would Plaintiff's job functions be reassigned for other than good cause with notice thereof;

c) Defendants would not evaluate Plaintiff's performance in an arbitrary, untrue or capricious manner;

d) If Plaintiff was involuntarily terminated, Defendants would not unreasonably, dishonestly or arbitrarily attempt to prevent Plaintiff from receiving whatever benefits to which he was entitled.

25.     This total employment contract was evidenced by various written documents and the parties' entire course of conduct including the following:

a) Plaintiff is informed and believes portions of this contract are embodied in Defendants' written personnel policies and disciplinary procedure, and other materials.

b) There was an established policy within the association known to Plaintiff and relied upon by Plaintiff, that an employee such as Plaintiff, who had performed services as a good and faithful  employee  would have secured employment tenure with the Defendants; that an employee such as Plaintiff would not be demoted, discharged or disciplined without good and sufficient cause; and would not otherwise have his job functions taken away or reassigned; and that if an employee such as Plaintiff were involuntarily terminated, Defendants would not unreasonably, arbitrarily or dishonestly attempt to prevent Plaintiff from receiving the benefits to which he was entitled.

26.     Despite the representations made to Plaintiff and the reliance he placed on them, Defendants failed to carry out the terms of the employment contract in the following ways:

a) By terminating Plaintiff in an unreasonable, arbitrary, and capricious manner;

b) By failing to adhere the rules and regulations embodied in the personnel policies of Defendants' employee guide;

c) By unreasonably, dishonestly and arbitrarily attempting to prevent Plaintiff from receiving benefits to which he was entitled;

d) By wrongfully terminating Plaintiff on or about December 2, 2011 in spite of his satisfactory job performance, by enacting new protocols and deadlines that were unrealistic and unreasonable;

e) By failing to perform promises material to the employment contract with Plaintiff.

27.     Defendants, GE and DOES 1 through 10, failed to carry out their responsibilities under the terms of the employment agreement by wrongfully and without cause terminating Plaintiff on or about December 2, 2011, despite Plaintiff's satisfactory performance.

28.     As a proximate result of Defendants' total breach of the employment agreement, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits which he would have received had Defendants not breached said agreement.

**WHEREFORE**, Plaintiff requests relief as hereinafter provided:

### THIRD CAUSE OF ACTION
**(Wrongful Termination)**

29.     Plaintiff hereby incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30.     Defendants and DOES 1 through 10, and each of them, by their acts of December 2, 2011, in discharging Plaintiff because of unsupported, alleged misconduct, engaged in unlawful employment practices.  Such conduct violated the firmly established covenant of good faith and fair dealing contracts embodied in New York, which was intended to prohibit employers from wrongful termination without cause, in bad faith or without malice.  Plaintiff was signaled out because of his age and given unreasonable time constraints to perform arduous tasks with nearly impossible deadlines.  This was orchestrated by the Defendants to purposefully terminate the Plaintiff due to his age.

31.     Defendants, and each of them, committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

32.     Defendants acted in bad faith and unjustly terminated Plaintiff.

33.     Plaintiff is thus entitled to recover punitive damages from Defendants in an amount to be proven at trial.

**WHEREFORE**, Plaintiff requests relief as hereinafter provided:

## *PRAYER*

**WHEREFORE**, Plaintiff, MARTIN MARDENFELD, prays for judgment against Defendants collectively and individually as follows:

1. For damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00);

2. For attorney's fees;

3. For costs of this suit and other related expenses;

4. For such other relief as this court may deem to be just and proper.

## *JURY DEMAND*

Plaintiff hereby demands a trial by jury.

DATED: May 7, 2013

Respectively submitted,
LAW OFFICE OF JEFFREY S. SCHWARTZ P.C.

JEFFREY S. SCHWARTZ   JS5424
401 E. Jericho Turnpike
Mineola, New York 11501
(516) 938-3888
Attorneys for Plaintiff
**MARTIN MARDENFELD**

9

## VERIFICATION

MARTIN MARDENFELD, affirms under penalty of perjury that the following statements are true:

I am the Plaintiff in this action; I have read the foregoing **Complaint for Damages** filed by the Law Office of Jeffrey S. Schwartz and know the contents thereof and that the same is true to my own knowledge, except as to those matters therein alleged upon information and belief and, as to those matters, I believe them to be true.

Martin Mardenfeld

Sworn to before me on the
9th day of May, 2013

Notary Public

JEFFREY S. SCHWARTZ
Notary Public, State of New York
No. 02SC6105435
Qualified in Nassau County
Commission Expires February 8, 20 16